## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**TARAS LAFRANCE HILL, JR.**                                          **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO.:  3:18CV743-HTW-LRA**

**SHEFIFF BILLY SOLLIE**                                        **DEFENDANT**

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

The Court set this case for an omnibus or *Spears* hearing on June 27, 2019, and the Order setting the hearing [17] was entered on May 7, 2019.   Plaintiff failed to appear at the June 27th omnibus hearing before the undersigned Magistrate Judge.   Defense counsel Lee Thaggard, representing Defendant Sheriff Sollie, appeared at the hearing and waited for over an hour for Plaintiff to appear.   Plaintiff did not attend the hearing or contact the Court to request a continuance or to report a conflict with the setting.   He was notified of this hearing at the mailing address that he provided to the Court, being the Lauderdale County Detention Facility, C5 142, 2001 5th Street, Meridian, MS    39301. The notice of the hearing was sent to that address but was returned as undeliverable. The Court has no other address for Plaintiff.

Plaintiff filed this case, and it was his responsibility to prosecute his claims.   He was advised of that responsibility by the Court in previous Orders and was warned that his "[f]ailure to advise the Court of a change of address or failure to comply with any Order of this court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case." [7, p. 2].   His failure to attend the scheduled hearing, or to contact the Court or Defendant's attorney regarding a conflict, has caused Defendant to incur unnecessary attorneys' fees and costs.

Plaintiff has failed to abide by the orders of this Court due to his failure to attend the hearing.   He must be willing to prosecute his case in accordance with the rules of the Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff *fails to prosecute or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ---- except ... ---- operates as an adjudication on the merits.

(Emphasis added.)

This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630. The actions of Plaintiff also prejudice the rights of Defendant to promptly and fully defend the claims made against him.

Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See Local Rule* 11(a); *Wade v. Farmers Ins. Group*, No. 01-20805, 2002 WL 1868133, at *1, n. 12 (5th Cir. June 26, 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute---even incarcerated litigants must inform the court of address changes). If Plaintiff has changed his address

and did not receive the notice of the hearing at the address he provided the Clerk, then his failure to advise the Court of that change prevents the Court from moving this case forward.

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." *Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)). The record in Plaintiff's case supports such a finding.

The staff of the undersigned spoke to the Warden of the Lauderdale County Detention Center in an effort to locate Plaintiff for the hearing. The Warden advised that Plaintiff was released from that facility on March 28, 2019. The Mississippi Department of Corrections does not list Plaintiff in the MDOC inmate system. Plaintiff obviously lost interest in pursuing this lawsuit after his release from jail, although he has not formally dismissed his complaint. The sanction of dismissal is necessary in order to officially conclude the litigation against Defendant.

For the above reasons, the undersigned Magistrate Judge recommends that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b), without prejudice. Final Judgment should be entered.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28

U.S.C. § 636;   Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 27th day of June 2019.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE